UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| LUCKY B. KELLER, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. 24-CV-5042-MDH |
| WESTLAKE FINANCIAL SERVICES, LLC, and PAUL KERWIN, CFO OF WESTLAKE FINANCIAL SERVICES, LLC, | ) |
| Defendant. | ) |

## SUGGESTIONS IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

Defendants Westlake Services, LLC dba Westlake Financial Services[1] and Paul Kerwin (collectively, "Westlake"), pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, submit the following Suggestions in Support of their Motion for Judgment on the Pleadings.

## I. INTRODUCTION

Plaintiff's Amended Complaint is difficult to decipher. Taking the allegations as stated, this case apparently arises from Plaintiff entering into a consumer transaction with "Roper Kia" and that Roper Kia listed Westlake Financial Services as the finance provider. The Complaint alleges the defendants breached the contract and violated provisions of the Fair Debt Collection Practices Act (FDCPA) and Article 9 of the Uniform Commercial Code. However, the allegations of the Complaint demonstrate Westlake is not a "debt collector" under the FDCPA. Because this would leave no remaining federal questions alleged by Plaintiff, resolution of this issue would

---

[1] Westlake is incorrectly named as "Westlake Financial Services, LLC."

deprive this court of jurisdiction and require dismissal of all remaining claims as well. Westlake seeks judgment on the pleadings as set forth below.

## II. LEGAL STANDARD

A motion for judgment on the pleadings under Rule 12(c) is reviewed using the same standard that governs a motion to dismiss under Rule 12(b)(6). *NanoMech, Inc. v. Suresh*, 777 F.3d 1020, 1023 (8th Cir. 2015) (*citing McIvor v. Credit Control Servs., Inc.*, 773 F.3d 909, 912–13 (8th Cir. 2014)). Therefore, courts must consider whether the complaint has pled "enough facts to state a claim that is plausible on its face." *NanoMech*, 777 F.3d at 1023 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

A complaint must contain factual allegations, when accepted as true, sufficient to state a claim of relief plausible on its face. *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (*citing Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (internal citations omitted). The complaint's factual allegations must be sufficient to "raise a right to relief above the speculative level," and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 545, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Ashcroft*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 555). "Though pro se complaints are to be construed liberally...they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (citations omitted).

## III. LEGAL ARGUMENT

After Defendant questioned federal question jurisdiction, Plaintiff filed his First Amended Complaint, which includes allegations that Defendants violated the federal Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq*. *See* Doc. 17. Neither Westlake nor Paul Kerwin as employee of Westlake are a "debt collector" under the FDCPA. The FDCPA defines a "debt collector" as:

> [A]ny person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due **another**. . . .

15 U.S.C. § 1692(a)(6) (emphasis added)

The allegations in Plaintiff's Amended Complaint, taken as true as the Court must for purposes of this motion, establish Westlake's collection and/or repossession activities about which Plaintiff complains pertained to the automobile debt Plaintiff owes **to Westlake**, not **to another** as is required by statute. In his Amended Complaint, Plaintiff pleads the following:

(1) Westlake is a finance company conducting business in Missouri including financing vehicle purchases. *See* ¶ 1.b.;

(2) Plaintiff entered into a valid financing contract and contractual relationship between Plaintiff and Defendants for the purchase of a vehicle where Westlake was the finance provider. *See* ¶¶ 3.a. and 4.a.i.;

(3) Plaintiff made payments on the vehicle loan until financial hardship temporarily impacted payment abilities. *See* ¶ 3.b.; and

(4) Plaintiff's purported attempt to tender payment via "negotiable instrument" for $11,405.00 to settle the outstanding balance was made to Westlake and Plaintiff alleges Defendants refused to accept the "payment." *See* ¶ 3.c.

3

Westlake was not engaged in collecting the debt of another, it was attempting to collect the debt owed by Plaintiff **to Westlake**. Thus, Westlake is not a "debt collector" under the FDCPA. As a matter of law and based solely on the pleadings, plaintiff failed to meet the elements of the FDCPA claim and judgment on the pleadings should be granted on that claim.

Without the FDCPA claim, Plaintiff lacks a viable claim to establish federal question jurisdiction. None of the remaining claims in Plaintiff's Amended Petition involve federal questions that would establish jurisdiction in this matter. Plaintiff alleges that federal jurisdiction arises under 28 U.S.C. § 1331 based on claims made under the FDCPA and the Uniform Commercial Code. Even taking this allegation as true, there is no federal law corresponding to the Uniform Commercial Code, and more importantly Plaintiff does not cite to any federal statute in his UCC-related claims—*i.e.*, 4(a) Breach of Contract and 4(c) Violation of the UCC. Without a valid claim under federal law, this Court lacks jurisdiction under 28 U.S.C. § 1331. Westlake is thus entitled to judgment on the remaining pleadings.

## IV. CONCLUSION

Even taking the allegations of the Amended Complaint as true, Plaintiff has not demonstrated and cannot demonstrate Westlake is a "debt collector" under the FDCPA, rendering that claim improper. Without the FDCPA claim, Plaintiff pleads no claims based in federal law and therefore does not show this Court has subject matter jurisdiction. The Court must therefore enter judgment on the pleadings in favor of Westlake pursuant to Rule 12(c), and Westlake requests any other relief the Court deems just and proper.

Respectfully submitted, this 27th day of November, 2024.

**KNIGHT NICASTRO MACKAY, LLC**

*/s/ Phillip R. Raine*
Derek H. MacKay     #59078
Phillip R. Raine     #66169
Lawrence E. Nordling #62319
304 West 10th Street
Kansas City, MO 64105
Telephone: (816) 396-0343
Facsimile: (816) 396-6233
Email: mackay@knightnicastro.com
       raine@knightnicastro.com
       nordling@knightnicastro.com
**ATTORNEYS FOR DEFENDANTS WESLAKE SERVICES, LLC & PAUL KERWIN**

## Certificate of Service

I hereby certify on November 27th, 2024, the foregoing was electronically filed using the ECF filing system. Additionally, I certify that a copy of the above motion was sent via electronic mail to the following addressee as identified on the summons:

Pro Se Litigant
Lucky Keller
Kellerlucky2@gmail.com

*/s/ Phillip R. Raine*
Phillip R. Raine

5