| | | |
|---|---|---|
| LUCKY B. KELLER, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 3:24-CV-5042-MDH** |
| | ) | |
| WESTLAKE FINANCIAL SERVICES, | ) | |
| LLC, and PAUL KERWIN, CFO OF | ) | |
| WESTLAKE FINANCIAL SERVICES, | ) | |
| LLC, | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**DEFENDANT PAUL KERWIN'S REPLY IN SUPPORT OF
MOTION TO DISMISS AMENDED COMPLAINT**

Paul Kerwin ("Kerwin"), inaccurately named as "CFO Paul Kerwin (Westlake Financial),"

submits the following Reply in support of his Motion to Dismiss Plaintiff's Amended Complaint.

## I. INTRODUCTION

Kerwin filed his Motion to Dismiss for lack of personal jurisdiction pursuant to Rule

12(b)(2) of the Federal Rules of Civil Procedure [Doc. 19] as his responsive pleading to Plaintiff's

Amended Complaint [Doc. 17]. Plaintiff filed a document titled "Motion to Assert Proper Venue

& Opposition to Dismissal" [Doc. 24] ("Plaintiff's Opposition") when the only pending Motion to

Dismiss was Kerwin's motion [Doc. 19]. Although not clear from Plaintiff's filing, Kerwin replies

to the same assuming this document was in opposition to his Motion to Dismiss.

## II. LEGAL STANDARD

In a motion to dismiss challenging personal jurisdiction, the plaintiff bears the burden of

showing personal jurisdiction over the challenging defendant. *Fastpath, Inc. v. Arbela Techs,*

*Corp.*, 760 F.3d 816, 820 (8th Cir. 2014). A Court views the evidence in the light most favorable

to the plaintiff, resolving any factual conflicts in the plaintiff's favor. *Id*. "The inquiry whether a

1

forum State may assert specific jurisdiction over a nonresident defendant 'focuses on 'the relationship among the defendant, the forum, and the litigation.' *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 2024 (1977))." *Walden v. Fiore*, 571 U.S. 277, 283–84 (2014). "[T]he relationship must arise out of contacts that the 'defendant *himself*' creates with the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985)." *Walden v. Fiore,* 571 U.S. 277, 284 (2014) (emphasis original). "Our 'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id.* at 285.

## III.    LEGAL ARGUMENT

Plaintiff's "Opposition" focuses on *venue* being proper for Westlake and is silent as to any facts or evidence to properly establish personal jurisdiction over Kerwin. In fact, the only mention of Kerwin in Plaintiff's "Opposition" is under Plaintiff's section arguing about venue and states:

> Defendant Westlake Financial Services, LLC, transacted business in Missouri, including extending financial instruments and enforcing security agreements with Missouri residents, tying the actions of Defendant Kerwin to this venue.

*See* Doc. 24 at p. 1 of 4.

Plaintiff's "Opposition" fails to identify specifically what the "actions of Defendant Kerwin" supposedly were or any contacts Kerwin himself created with Missouri. Plaintiff has the burden to show personal jurisdiction over Kerwin when facing a motion to dismiss for lack of personal jurisdiction. Plaintiff has not met such burden as to Kerwin, and Plaintiff's Amended Complaint should be dismissed as to Kerwin for lack of personal jurisdiction.

WHEREFORE, based on the above and foregoing, and the arguments and authorities contained in Kerwin's Motion to Dismiss [Doc. 19] and the Suggestions in Support filed contemporaneously therewith [Doc. 20], Westlake respectfully moves the Court to dismiss

Plaintiff's Amended Complaint as against Kerwin for lack of personal jurisdiction, and for all other

relief the Court deems just.

Respectfully submitted, this 9th day of December, 2024.

**KNIGHT NICASTRO MACKAY, LLC**

*/s/ Phillip R. Raine*
Derek H. MacKay        #59078
Phillip R. Raine          #66169
Lawrence E. Nordling #62319
304 West 10th Street
Kansas City, MO 64105
Telephone: (816) 396-0343
Facsimile: (816) 396-6233
Email: mackay@knightnicastro.com
           raine@knightnicastro.com
           nordling@knightnicastro.com
**ATTORNEYS FOR DEFENDANT
WESTLAKE SERVICES, LLC & PAUL
KERWIN**

3

## <u>Certificate of Service</u>

       I hereby certify on December 9th, 2024, the foregoing was electronically filed using the ECF filing system. Additionally, I certify that a copy of the Motion to Dismiss was sent via electronic mail to the following addressee as identified on the summons:

    PRO SE Litigant
    Lucky Keller
    kellerlucky2@gmail.com

                                             */s/ Phillip R. Raine*
                                             Phillip R. Raine