UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| LUCKY B. KELLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 24-CV-5042-MDH |
| | ) |
| WESTLAKE FINANCIAL SERVICES, | ) |
| LLC, and PAUL KERWIN, CFO OF | ) |
| WESTLAKE FINANCIAL SERVICES, | ) |
| LLC, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendants Westlake Services, LLC dba Westlake Financial Services[1] and Paul Kerwin (collectively, "Westlake"), pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, submit the following Reply in support of their Motion for Judgment on the Pleadings.

**I. INTRODUCTION**

Plaintiff's Response in Opposition to Defendant's Motion for Judgment on the Pleadings [Doc. 28][2] does not establish Plaintiff's Pleadings alleged facts to support a valid claim against Defendants. Defendants are not a "debt collector" under the FDCPA, and the Court lacks jurisdiction over Plaintiff's other claims. Regardless, Plaintiff's remaining claims fail to state a claim upon which relief may be granted, and Defendants are entitled to judgment on the pleadings.

---

[1] Westlake is incorrectly named as "Westlake Financial Services, LLC."

[2] Westlake, through counsel, received by US Mail another Amended Complaint dated December 13, 2024. It does not appear this Amended Complaint has been filed, so the Motion for Judgment on the Pleadings addressing the Amended Complaint filed October 30, 2024 [Doc. 17] is still properly before the Court, and the issues raised in this motion remain decisive in this case.

1

## II.     LEGAL STANDARD

Plaintiff's response acknowledges the legal standard set forth in Westlake's Motion for Judgment on the Pleadings, citing both *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Ashcroft*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 555). "Though pro se complaints are to be construed liberally . . . they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (citations omitted).

## III.     LEGAL ARGUMENT

**A.**     **Defendants Are Not "Debt Collectors" under the FDCPA**.

Plaintiff contends that "case law recognizes exceptions where a creditor acts as a 'debt collector' if they engage in debt collection activities outside their usual role as a creditor, including using third-party collection agencies or engaging in improper conduct" and cites to *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003). *Schlosser* does not support Plaintiff's argument, but rather confirms that for purposes of applying the FDCPA to a particular debt, the two categories of "debt collector" and "creditor" are mutually exclusive. There is no dispute that Westlake was attempting to collect a debt owed by Plaintiff **to Westlake**. The Amended Complaint alleges Plaintiff entered into a valid financing contract with Westlake for the purchase of a vehicle, and Plaintiff made consistent payments on the vehicle loan until a financial hardship occurred. *See* Am. Compl. ¶¶ 3.a., 3.b.

Westlake was not collecting the debt of another; it was collecting the debt owed by Plaintiff **to Westlake**. Thus, Westlake is not a "debt collector" under the FDCPA as a matter of law. Based

2

solely on the pleadings, Plaintiff fails to meet this requisite element of a FDCPA claim and judgment on the pleadings should be granted in Defendants' favor.

**B.      The Court Lacks Jurisdiction Over Plaintiff's Other Claims.**

None of the remaining claims in Plaintiff's Amended Petition involve federal questions to establish jurisdiction. Plaintiff alleges federal jurisdiction arises under 28 U.S.C. § 1331 based on claims made under the FDCPA and the Uniform Commercial Code. There is no federal law corresponding to the Uniform Commercial Code, and more importantly Plaintiff does not cite to any federal statute in his UCC-related claims—*i.e.*, 4(a) Breach of Contract and 4(c) Violation of the UCC. Without a valid claim under federal law, this Court lacks jurisdiction under 28 U.S.C. § 1331. Westlake is thus entitled to judgment on the remaining pleadings.

**C.      Even if the Court Had Jurisdiction, Plaintiff's Other Claims Fail to State a Claim**.

Defendants are entitled to judgment on the pleadings for Plaintiff's other claims for breach of contract "violation of the UCC" are based on Plaintiff's allegation that he sent a negotiable instrument valued at the balance of his automobile loan. A negotiable instrument:

> means an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order if it: (1) is payable to bearer or to order at the time it is issued or first comes into the possession of a holder; (2) is payable on demand or at a definite time; and (3) does not any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money, but the promise or order may contain (i) an undertaking or power to give, maintain, or protect collateral to secure payment . . .

Mo. R.S. § 400.3-104.

Plaintiff did not furnish a negotiable instrument. Attached to Plaintiff's initial Complaint was a copy of Westlake's letter to Plaintiff dated April 6, 2024, regarding Plaintiff's delinquent account on which there is handwriting which states "Pay to the Bearer" above Plaintiff's name and address, "Accepted for Deposite [sic]" and "elevn [sic] thousand foor [sic] Hundrad [sic] and five

3

dallors [sic] & 100/100" with "April 25, 2024" next to the typewritten balance due amount of $11,405.00. *See* Doc. 1-5, p. 4 of 14, a copy of which is attached hereto as Exhibit A**.** There is no allegation that any payment was sent to Westlake in tandem with the delinquent account letter. A delinquent account letter is not a negotiable instrument, as it is not payable on demand or at a definite time. Mo. R.S. § 400.3-104; *see also Keller v. PennyMac Loan Servs., LLC*, No. 3:24-cv-05041-MDH, 2024 U.S. Dist. LEXIS 219192, at *4 (W.D. Mo. Dec. 4, 2024) (this Court recently held a purported "negotiable instrument" submitted by this same Plaintiff, consisting of a monthly mortgage slip also dated April 25, 2024, with the total filled out in the amount of $113,748.68, the amount spelled out, and the words "Accepted for Deposit" "Pay to the Bearer" written across the mortgage slip did not meet the definition of a negotiable instrument). Westlake cannot redeem the alleged negotiable instrument and thus it does not meet the definition of a negotiable instrument as defined by Article 3 of the Missouri Uniform Commercial Code.

## IV.    CONCLUSION

Even taking the allegations of the Amended Complaint as true, Plaintiff has not demonstrated and cannot demonstrate Westlake is a "debt collector" under the FDCPA, rendering that claim improper. Without the FDCPA claim, Plaintiff pleads no claims based in federal law and therefore does not show this Court has subject matter jurisdiction. Even so, Plaintiff's remaining claims fail to state a claim upon which relief can be granted, as noted in recent court decisions addressing the very issue raised in those pendant claims. The Court must therefore enter judgment on the pleadings in favor of Westlake pursuant to Rule 12(c), and Westlake requests any other relief the Court deems just and proper.

Respectfully submitted, this 23rd day of December, 2024.

                **KNIGHT NICASTRO MACKAY, LLC**

                */s/ Phillip R. Raine*
                Derek H. MacKay   #59078
                Phillip R. Raine     #66169
                Lawrence E. Nordling #62319
                304 West 10th Street
                Kansas City, MO 64105
                Telephone: (816) 396-0343
                Facsimile: (816) 396-6233
                Email: mackay@knightnicastro.com
                          raine@knightnicastro.com
                          nordling@knightnicastro.com
                **ATTORNEYS FOR DEFENDANTS WESLAKE SERVICES, LLC & PAUL KERWIN**

## Certificate of Service

     I hereby certify on December 23, 2024, the foregoing was electronically filed using the ECF filing system. Additionally, I certify that a copy of the above motion was sent via electronic mail to the following addressee as identified on the summons:

    Pro Se Litigant
    Lucky Keller
    Kellerlucky2@gmail.com

                */s/ Phillip R. Raine*
                Phillip R. Raine