# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI SOUTHWESTERN DIVISION

LUCKY B. KELLER,                          )
                                          )
        Plaintiff,                        )
                                          )
    v.                                    )    Case No.  3:24-cv-05042
                                          )
WESTLAKE FINANICAL SERVICES, LLC,         )
And PAUL KERWIN, CFO OF WESTLAKE          )
FINANCIAL SERVICES, LLC,                  )
and DANIEL S. PEROTTI,                    )
                                          )
        Defendants.                       )

## ORDER

Before the Court is Defendant Paul Kerwin's Motion to Dismiss pursuant to Rule 12(b)(2) (Doc. 19). Defendant Kerwin has filed his suggestions in support (Doc. 20) and Plaintiff has filed his suggestions in opposition. (Doc. 24). Defendant Kerwin has replied (Doc. 31) and thus the motion is ripe for adjudication. For reasons herein, Defendant Kerwin's Motion is **GRANTED**.

## BACKGROUND

This case arises out of a financing contract Plaintiff entered into with Defendants for the purchase of a Roper Kia. Plaintiff is a resident of Neosho, Missouri. Defendant Westlake Financial Services, LLC, is a finance company conducting business in Missouri. Defendant Paul Kerwin is alleged to be the CFO of Westlake Financial Services, LLC.

On or around February 18, 2022 Plaintiff alleges that he entered into a valid financing contract with Defendants to purchase a vehicle. Plaintiff alleges he made consistent payments on the vehicle loan until financial hardship temporarily impacted his payment abilities. Subsequently on or around April 26, 2024 Plaintiff alleges he attempted to tender payment via negotiable

1

instrument for $11,405.00 to settle the outstanding balance which Defendants refused to accept. It is alleged on August 19, 20204 Defendants repossessed the vehicle from Plaintiff's residence. Plaintiff brings this action alleging breach of contract, violation of the Fair Debt Collection Practices Act (FDCPA), and violations of the Uniform Commercial Code Articles 3 and 9 against Defendants. Defendant Kerwin seeks to be dismissed from the current action arguing that this Court lacks personal jurisdiction over him.

## STANDARD OF REVIEW

Personal jurisdiction over a defendant represents the power of a court to enter "a valid judgment imposing a personal obligation or duty in favor of the plaintiff." *Viasystems, Inc. v. EBM-Papst St. Georgen Gmbh & Co., KG*, 646 F.3d 589, 592 (8th Cir. 2011) (quoting *Kulko v. Superior Court of Cal.*, 436 U.S. 84, 91, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978)). Personal jurisdiction can be specific or general. "'Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state,' while '[g]eneral jurisdiction … refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose.'" *Id*. (quoting *Miller v. Nippon Carbon Co.*, 528 F.2d 1087, 1091 (8th Cir. 2008). The party asserting jurisdiction must make only a prima facie showing of jurisdiction and the court will view the evidence in the light most favorable to that party. *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 592 (8th Cir. 2011). "The party seeking to establish the court's in personam jurisdiction carries the burden of proof, and the burden does not shift to the party challenging jurisdiction." *Epps v. Stewart Info. Servs. Corp.*, 327 F.3d 642, 647 (8th Cir. 2003).

## ANALYSIS

Defendant Kerwin argues that Plaintiff's Amended Complaint does not include sufficient allegations to show personal jurisdiction over him, where he resides, or where he is domiciled. Defendant Kerwin points out that Plaintiff's Amended Complaint contains no allegations as to the domicile of any Defendant and that he was served in Los Angeles, California. Defendant thus states that this Court lacks personal jurisdiction over him. Plaintiff asserts venue is proper within the Western District of Missouri but makes no arguments to rebut the personal jurisdiction claims concerning Defendant Kerwin.

## I.    Specific Jurisdiction

Specific personal jurisdiction can be exercised by a federal court in a diversity suit only if authorized by the forum state's long-arm statue and permitted by the Due Process Clause of the Fourteenth Amendment. *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 593 (8th Cir. 2011). In Missouri, specific personal jurisdiction is authorized by its long arm statute, Mo. Rev. Stat. § 506.500.  It states:

> Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of such actions:
>
> (1) the transaction of any business within this state;
>
> (2) the making of any contract within this state;
>
> (3) the commission of a tortious act within this state;
>
> (4) the ownership, use or possession of any real estate situated in this state;
>
> (5) the contracting to insure any person, property or risk located within this state at the time of contracting[.]

*Id*.

These individual categories are construed broadly, such that if a defendant commits one of the acts specified in the long-arm statute, the statute will be interpreted "to provide for jurisdiction,

3

within the specific categories enumerated in the statute [], to the full extent permitted by the [D]ue [P]rocess [C]lause." *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 593 (8th Cir. 2011) (quoting *State ex rel. Metal Serv. Ctr. Of Ga., Inc. v. Gaertner*, 677 S.W.2d 325, 327 (Mo. banc 1984). The touchstone of the due-process analysis remains whether the defendant has sufficient "minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310-, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 85 L.Ed. 278 (1940)). The fundamental inquiry is whether the defendant has "purposefully availed" itself of the "benefits and protections" of the forum state to such a degree that "it should reasonably anticipate being haled into court there". *World-Wide Volkswagen Corp.*, 444 U.S. at 297, 100 S.Ct. 559 (1980).

Plaintiff has failed to carry his burden that this Court may assert specific personal jurisdiction over Defendant Kerwin. Plaintiff has made no allegation that Missouri's long arm statute pertains to Defendant Kerwin. Plaintiff's Amended Complaint simply states:

> Defendant, **Paul Kerwin, Chief Financial Officer (CFO) of Westlake Financial Services, LLC**, is responsible for overseeing financial operations, including policy-setting and actions involving debt collection and repossession, which directly impacted Plaintiff. As CFO, Defendant Kerwin played a pivotal role in supervising and approving practices that led to the claims stated herein, and he is therefore named in his official capacity.

(Amended Complaint pages 1-2). Plaintiff only makes conclusory allegations about Defendant Kerwin's role and has failed to show that Defendant Kerwin has purposefully availed himself of the benefits and protections of Missouri that he should reasonable anticipate being haled into court here. For the reasons stated, Plaintiff has failed to show Defendant Kerwin is subject to specific personal jurisdiction.

4

## II.     General Jurisdiction

If a court has general jurisdiction over a defendant, it can "adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose." *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 595 (8th Cir. 2011). General jurisdiction can only be asserted insofar as it is authorized by state law and permitted by the Due Process Clause. *Sondergrad v. Miles, Inc.*, 985 F.2d 1389, 1392 (8th Cir. 1993). The Missouri Supreme Court has held that general jurisdiction is properly asserted over an out-of-state corporation when that corporation is "present and conducting substantial business in Missouri." *State ex Rel. K-Mart Corp. v. Holliger*, 986 S.W.2d 165, 167 (Mo. banc 1999); *see also Wineteer v. Viet. Helicopter Pilots Ass'n*, 121 S.W.3d 277, 282 (Mo.Ct.App.2003). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Goodyear Dunlap Tires Operations, S.A. v. Brown*, 564 U.S. ----,----, 131 S. Ct. 2846, 2851, 180 L.Ed.2d 796, 803 (2011).

Plaintiff has failed to carry his burden that this Court may assert general personal jurisdiction over Defendant Kerwin. Plaintiff fails to plead facts that show Defendant Kerwin is subject general jurisdiction. Defendant Kerwin does not live in, nor is a resident of Missouri. There are no facts that would suggest that Defendant Kerwin would be subject to the general jurisdiction of this Court. For the reasons stated, Plaintiff has failed to show that Defendant Kerwin is subject to general personal jurisdiction.

## CONCLUSION

Plaintiff has failed to show that this Court has either specific personal jurisdiction or general personal jurisdiction over Defendant Kerwin. For the reasons set forth herein, Defendant Kerwin's Motion to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) is **GRANTED**. The Court hereby dismisses Defendant Kerwin from the case with prejudice.

**IT IS SO ORDERED**.

DATED: March 4, 2025

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**