IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| LUCKY B. KELLER, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) ) Case No. 3:24-cv-05042-MDH |
| WESTLAKE FINANICAL SERVICES, LLC, And PAUL KERWIN, CFO OF WESTLAKE FINANCIAL SERVICES, LLC, and DANIEL S. PEROTTI, | ) ) ) ) ) ) |
|     Defendants. | ) ) |

## ORDER

Before the Court are Defendant's Motion for Judgment on the Pleadings (Doc. 26) and Plaintiff's *Pro Se* Motion to Strike Defendants' Reply in Support of Motion for Judgment on the Pleadings. (Doc. 36).[1] Both motions have been fully briefed and are thus ripe for adjudication. For reasons herein, Defendant's Motion for Judgment on the Pleadings is **GRANTED**. Plaintiff's Motion to Strike is **DENIED**.

## BACKGROUND

This case arises out of a financing contract Plaintiff entered into with Defendants for the purchase of a Roper Kia. Plaintiff is a resident of Neosho, Missouri. Defendant Westlake Financial Services, LLC, is a finance company conducting business in Missouri. Defendant Paul Kerwin is alleged to be the CFO of Westlake Financial Services, LLC.

---

[1] Defendant Paul Kerwin was dismissed from the case by this Court's Order in Doc. 46. Even though at the time of filing of the motion both Defendants were present in the litigation the Court will refer the motion to Defendant Westlake Financial Services, LLC as the sole remaining Defendant in the action.

1

On or around February 18, 2022 Plaintiff alleges that he entered into a valid financing contract with Defendants to purchase a vehicle. Plaintiff alleges he made consistent payments on the vehicle loan until financial hardship temporarily impacted his payment abilities. Subsequently on or around April 26, 2024 Plaintiff alleges he attempted to tender payment via negotiable instrument for $11,405.00 to settle the outstanding balance which Defendants refused to accept. It is alleged on August 19, 20204 Defendants repossessed the vehicle from Plaintiff's residence. Plaintiff brings this current action alleging breach of contract, violation of the Fair Debt Collection Practices Act (FDCPA), and violations of the Uniform Commercial Code Articles 3 and 9.

Defendant brings it current motion seeking for Judgment on the Pleadings contending they are not a debt collector as defined in the FDCPA, and that without the FDCPA the Court will no longer have jurisdiction based on 28 U.S.C. § 1331. Plaintiff brings his current motion seeking to strike Defendant's Reply (Doc. 34) to his Suggestions in Opposition claiming it is immaterial, redundant, and its references to external materials is impertinent and prejudicial. The Court will take each motion in turn.

## STANDARD OF REVIEW

### I. Judgment on the Pleadings

A party may file a motion for judgment on the pleadings "[a]fter the pleadings are closed– but early enough not to delay trial." Fed. R. Civ. P. 12(c). The same legal standard used to evaluate a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) applies to a motion for judgment on the pleadings. *See Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012). When determining whether a complaint states a facially plausible claim, a district court accepts the factual allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor. *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010). Factual

2

allegations must be sufficient to "raise a right to relief above the speculative level" and "state a claim for relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555, 570 (2007). Legal conclusions couched as factual allegations may be disregarded. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**II.     Motion to Strike**

Federal Rule of Civil Procedure 12(f) allows a court to "strike from a pleading any redundant, immaterial, impertinent, or scandalous matter." A court is given liberal discretion under Rule 12(f), however, motions to strike are viewed with disfavor and rarely granted. *Lucas v. Jerusalem Café*, LLC, 2011 WL 1364075, *1 (W.D.Mo. April 11, 2011); citing *Associated Indem. Corp. v. Small*, 2007 WL 844773 (W.D.Mo. Mar. 19, 2007); *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir.1977).

**ANALYSIS**

**I.     Judgment on the Pleadings**

   **a.  FDCPA Claim**

Defendant argues that the allegations of the Amended Complaint demonstrate Defendant is not a "debt collector" under the FDCPA and thus Plaintiff's FDCPA claim must be dismissed. Plaintiff argues that Defendant may qualify as "debt collectors" under the FDCPA, that federal question jurisdiction exists, that the Amended Complaint meets the plausibility standards, and that dismissal would prematurely foreclose relief.

15 U.S.C. § 1692a sets out the definitions as used within Subchapter V–Debt Collection Practices and as the definition for the FDCPA. 15 U.S.C. § 1692a(6) states:

> The term "debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is

3

the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, *debts owed or due or asserted to be owed or due another*. Notwithstanding the exclusion provided by clause (F) of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.

*Id*. (emphasis added). Plaintiff's Amended Complaint specifically alleges:

On or about February 18, 2022 Plaintiff entered into a valid financing contract with Defendants through Roper Kia, who listed Westlake Financial Services, LLC, as the finance provider, creating a contractual relationship between Plaintiff and Defendants for the purchase of a vehicle. Plaintiff made consistent payments on the vehicle loan until financial hardship temporarily impacted payment abilities." On or about April 26[,] 2024 Plaintiff attempted to tender payment via negotiable instrument for **$ 11,405.00** to settle the outstanding balance in compliance with ***UCC Article 3**, which governs valid payments. Defendants, under the direction and policy of CFO Paul Kerwin, refused to accept the payment.

(Complaint ¶¶ 3a-c). Plaintiff specifically alleges that he entered into a financing contract with Westlake Financial Services, LLC for the purchase of the vehicle. *Id*. Plaintiff made payments and attempted to pay off $11,405.00 to Westlake Financial Services, LLC to settle the outstanding balance. *Id*. Plaintiff's Amended Complaint clearly alleges that the debt owed for the vehicle belonged to Westlake Financial Services, LLC. As the debt belonged to Westlake Financial Services, LLC and they attempted to collect their own debt, they would not be considered a debt collector pursuant to 15 U.S.C. § 1692a(6) or the FDCPA. For the reasons stated, Defendant's Motion for Judgment on the Pleadings is **GRANTED**. The Court enters judgment on the pleadings in favor of Defendant as to Plaintiff's FDCPA claim.

b. **Federal Question Jurisdiction**

Defendant next argue that if the FDCPA is dismissed, the Court no longer has federal question jurisdiction as to the remaining claims and thus the claims should be dismissed. Plaintiff argues that his other claims may give rise to federal claims, which courts have recognized can involve federally regulated transactions when tied to interstate commerce.

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). The district courts may decline to exercise supplement jurisdiction over a claim under subsection (a) if the district court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). "[A]lthough supplemental jurisdiction persist, the district court need not exercise it: Instead, the court may (and indeed, ordinarily should) kick the case court." *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 32, 145 S. Ct. 41, 50 (2025); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 1139, 16 L. Ed. 2d 218 (1966).

Pursuant to 28 U.S.C. § 1367(c)(3) the Court may decline to exercise supplement jurisdiction over a claim if the Court has dismissed all claims over which it has original jurisdiction. The Court having found in favor of Defendant on the FDCPA claim has dismissed the only claim Plaintiff presents that gives the Court original jurisdiction. Plaintiff's remaining claims are all state law claims regardless of how Plaintiff argues.[2] The Court no longer having original jurisdiction will refuse to exercise supplemental jurisdiction on the remaining claims. Plaintiff is better served to bring his state law claims through the state courts where proper jurisdiction may be had to adjudicate Plaintiff's claims. For the reasons stated, Plaintiff's Breach of Contract claim, Violation of UCC Article 3 claim, and Violations of UCC §§ 9-609, 9-611 and 9-614 claims are hereby **DISMISSED WITHOUT PREJUDICE**.

---

[2] Plaintiff makes various claims based on the Uniform Commercial Code. The State of Missouri has codified the Uniform Commercial Code within Missouri Revised Statute Chapter 400 and thus those claims under the Uniform Commercial Code are state claims under Missouri Revised Statutes.

## II. Motion to Strike

Plaintiff argues that Defendant's Reply contains immaterial and redundant arguments that were already addressed in their original motion for Judgment on the Pleadings. Plaintiff further argues that Defendant references to external materials, specifically the inclusion of handwritten annotations and alleged "negotiable instruments", are impertinent and prejudicial. Defendant argues that a reply brief is not a "pleading as defined by Federal Rule of Civil Procedure 7(a) and thus Plaintiff's Motion to Strike is improper.

Federal Rule of Civil Procedure 12(f) states "[t]he court may strike form a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Federal Rule of Civil Procedure 7 defines what pleadings are allowed; form of motions and other papers. The only pleadings that are allowed are: a complaint; an answer to a complaint, counterclaim, or crossclaim; a third-party complaint; an answer to a third-party complaint; and if the court orders one, a reply to an answer. Fed. R. Civ. P. 7(a). Here, Defendant is correct that its reply to Plaintiff's Suggestions in Opposition is not considered a pleading for the purpose of Federal Rule of Civil Procedure 12(f) as defined by Federal Rule of Civil Procedure 7(a). As such, Plaintiff's Motion to Strike is improper. For the reasons stated, Plaintiff's Motion to Strike Defendant's Reply in Support of Motion for Judgment on the Pleadings is **DENIED**.

## CONCLUSION

For the reasons set forth herein, Plaintiff's *Pro Se* Motion to Strike Defendant's Reply in Support of Motion for Judgment on the Pleadings is **DENIED**. Defendant's Motion for Judgment on the Pleadings is **GRANTED** as to Plaintiff's FDCPA claim. The Court having resolved the lone federal question claim declines to extend supplemental jurisdiction as to Plaintiff's remaining

claims. As such Plaintiff's Breach of Contract claim, Violation of UCC Article 3 claim, and Violations of UCC §§ 9-609, 9-611, and 9-614 are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

DATED: March 11, 2025

                                                */s/ Douglas Harpool*
                                                **DOUGLAS HARPOOL**
                                                **UNITED STATES DISTRICT JUDGE**